UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KNIGHTS FRANCHISE SYSTEMS, INC.,** | |
| Plaintiff, | Civil Action Number: 10-cv-5895 (WJM) (MF) |
| v. | OPINION |
| **GAURI SHIVAM LLC, a Kansas corporation; PRADEEP VASHISTH, an individual; LAKHWINDER SINGH, an individual; SURINDER CHANNA, an individual; SANT VASHISTA, an individual; and YUVI CHAUHAN, an individual,** | HON. WILLIAM J. MARTINI |
| Defendants. | |

**OPINION**

This action comes before the Court on the motion of Plaintiff Knights Franchise Systems, Inc. ("KFS") for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Gauri Shivam LLC and its principals ("Defendants"). Plaintiff's motion will be **GRANTED**.

**I.   BACKGROUND**

KFS, a Delaware corporation with its principal place of business in Parsippany, New Jersey, is a franchisor of guest lodging facilities. Gauri Shivam LLC ("GS") is a corporation organized and existing under the laws of Kansas, where its principal place of business is located. Defendants Pradeep Vashisth, Lakhwinder Singh, Surinder Channa, and Yuvi Chauhan are principals of GS and are citizens of Virginia (Yuvi Chauhan has already been dismissed from this action). Defendant Sant Vashista is also a principal of GS and is a citizen of Alabama. 28 U.S.C. § 1332. The Court has personal jurisdiction over all Defendants pursuant to the agreement by and between GS and KFS ("Franchise Agreement") and pursuant to the separately signed Guaranty (Pl. Comp., Ex. C). Defendants expressly consented to the "non-exclusive personal jurisdiction of and venue

in . . . the United States District Court for the District of New Jersey." (Pl. Comp., Ex. A; Ex. B.)

KFS entered into the Franchise Agreement with GS for the operation of a 97-room guest lodging facility located at 101 South 3rd Street, Leavenworth, Kansas (the "Facility"). GS was obligated to operate the Facility as a Knights guest lodging facility for three years. Furthermore, GS agreed to make certain periodic payments to KFS for royalties, service assessments, taxes, interest, reservation system user fees, and other fees ("Fees"), and to accurately report to KFS its monthly gross revenue for the purpose of determining the amount of Fees due KFS.

Section 23 of the Franchise Agreement governed KFS's termination rights. Under this section, KFS could terminate the Franchise Agreement, with notice to the Defendants, for various reasons. This included failure to remedy any default of Defendants' obligations under the Franchise Agreement within 30 days of receiving notice from KFS specifying one or more defaults under the Franchise Agreement. In the event that KFS terminated the Franchise Agreement pursuant to this section, GS was obligated to pay liquidated damages to KFS. Furthermore, section 28 provided that in the event of litigation, the non-prevailing party would pay all legal costs and expenses.

KFS alleges that GS failed to operate the Facility in accordance with the Franchise Agreement. Specifically, KFS further alleges that GS had allowed multiple occurrences of criminal activity to occur at the Facility, including assault, drug use, vandalism, and theft. KFS therefore sent notice to GS that it was in default under the Franchise Agreement.

As a result of GS's to cure the default, KFS terminated the Franchise Agreement. The termination letter further demanded immediate payment of past-due Fees and liquidated damages. GS was also instructed to discontinue its use of all Knights marks. However, GS continued to use the Knights marks.

KFS filed a complaint in this Court and service was made on the Defendants. The Defendants did not answer or otherwise respond to the Complaint. The Clerk subsequently entered default against Defendants. Plaintiff then filed this motion requesting entry of default judgment against Defendants. KFS now seeks to recover the Fees that were outstanding at the time of the termination of the Franchise Agreement, liquidated damages in the amount of $28,569.38 and attorneys' fees and costs totaling $12,613.06 from all Defendants. Plaintiff also seeks pre-judgment interest on the Fees and liquidated damages.

KFS also seeks damages and injunctive relief under the Lanham Act from GS in connection with its continued use of the Knights marks.

## II.     STANDARD OF REVIEW

*Motion to Dismiss*. Federal Rule of Civil Procedure 55 governs default. After the clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the court's entry of default pursuant to Rule 55(b)(2). *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide*

*Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

The district court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). The court is not required to conduct a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

*Lanham Act*. The court has discretion under the Lanham Act, which covers trademark infringement, to provide for the recovery of any damages sustained by the plaintiff. 15 U.S.C. § 1117(a). The federal courts have found lost royalties to be a proper measure of Lanham Act damages. *See, e.g.*, *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986). When granting a default judgment, courts (in the context of the Lanham Act) will routinely issue injunctions. *See Piquante Brands Intern., Ltd. v. Chloe Foods Corp.*, 2009 WL 1687484, at *6 (D.N.J. June 16, 2009); *cf.* Fed. R. Civ. P. 55 & 65.

## III.   DISCUSSION

Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of KFS's well pled allegations. The Court finds that the longer KFS does not receive payment, the more it is harmed. Therefore, if default were denied, KFS would be prejudiced. In addition, it appears to the Court that Defendants were properly served and that KFS took all proper steps in bringing its motion for default. The Court is unaware of any litigable defenses available to these Defendants and finds that their failure to respond to the Complaint was the result of their own culpable conduct. It follows that the requirements for granting default judgment are satisfied.

*Damages Against Defendants*. KFS's first claim concerns Fees, including prejudgment interest, in the amount of $8,829.63. (Pl. Comp., Ex. A (setting the interest rate at 1.5% per month.)) In support of its claim for damages, KFS submitted an itemized statement which sets forth the amount of Fees due and owing from Defendants. (Pl. Mot., Ex. B; Fenimore Aff. ¶¶ 38-39.) This evidence satisfies the legal standard, *i.e.*, a basis for damages is supported by record evidence.

KFS further requests $28,569.38 in liquidated damages (including prejudgment interest). The claim for liquidated damages flows from Section 23 of the Franchise Agreement. Furthermore, prejudgment interest accrues on all liquidated damages. The Court is

satisfied that Plaintiff's claim for liquidated damages (and prejudgment interest) satisfies the legal standard here.

Lastly, KFS requests attorneys' fees in the amount of $12,613.06. In support of this figure, KFS submitted a declaration of support from its counsel which discusses the expenses incurred by KFS in connection with this matter, including filing fees, telephone charges, services of process fees, postage, and overnight courier expenses. (Ehnert Cert. ¶¶ 8-10.) This evidence satisfies the legal standard, *i.e.*, a basis for damages is supported by record evidence.

*Damages & Other Relief Against GS*. KFS requests $85,366.71 for infringement damages pursuant to the Lanham Act for the time period that GS used the Knights marks without authorization from and without compensating KFS. KFS bases its figure on an estimate of KFS's royalties, *i.e.*, the average monthly payments it would have been paid by GS based on GS's reported gross room revenue, multiplied by the number of months of infringement. That figure was then trebled pursuant to Section 1117(b) of the Lanham Act. The Court will enter a judgment for the amount sought.

KFS also requests that the Court enjoin GS from the continued use of Knights marks. Because GS is in default, KFS has satisfied its burden in order to receive injunctive relief. *See Fonovisa, Inc. v. Merino*, 2006 WL 3437563, at *3 (D.N.J. Nov. 27, 2006); *cf.* Fed. R. Civ. P. 65.

## IV.   CONCLUSIONS

For the foregoing reasons, KFS's motion for default judgment against Defendants is **GRANTED** and judgment shall be entered against Defendants in the amount of $50,012.07. Additionally, judgment shall be entered against GS in the amount of $85,366.71 in damages. Finally, GS is enjoined from the continued use of the Knights marks.

An appropriate order and judgment follows.

                                              s/ William J. Martini

**DATE: July 18, 2011**                              **William J. Martini, U.S.D.J.**